UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISETT VEGA,

                Plaintiff,

    - against -

JO ANNE BARNHART, Commissioner of
Social Security,

                Defendant.
------------------------------------------------------------x

04 Civ. 6692 (CLB)

*Memorandum and Order*

Brieant, J.

    By her Complaint filed in this Court on August 18, 2004, Ms. Lisett Vega, appearing *Pro se,* seeks to review a decision of the Commissioner of Social Security denying her claim for Supplemental Security Income (SSI) benefits under the Social Security Act. By motion filed March 1, 2005, the Secretary seeks judgment on the pleadings in her favor.

    The history of the administrative proceedings in this case is set forth in detail in the decision of the Office of Hearings and Appeals found in the Administrative Record at 12. Plaintiff claimed benefits as of December 31, 2001. Her claim was initially denied after a hearing and she has exhausted her administrative remedies.

    The Office of Hearings and Appeals determined that Plaintiff was not under disability defined as inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. The

-1-

Office of Hearings and Appeals determined that although the Claimant is unable to return to her former employment as a postal clerk, she is able to make an adjustment to other work that exists in significant numbers in the national economy, and held that she was not disabled as the term is defined in the Act.

Plaintiff has a history of employment as a postal clerk and previously as cashier in a supermarket. She was only thirty-four (34) years old at the time of the administrative hearing and is a high school graduate. She reports a history of lower back and right heel pain for many years and asthma. The information disclosed by her treating physician, Dr. Sayseng, diagnosed Claimant with asthma, low back pain and Polycystic Ovary Syndrome. The treating physician found that the Claimant is limited to lifting and carrying objects weighing less than ten pounds but is not limited to standing/walking, sitting, pushing/pulling, climbing, balancing, kneeling, reaching, handling, fingering and feeling. She showed, in a February 27, 2003 examination by her treating physician, no wheezing, rales, rhonci, cyanosis or similar symptoms and showed good response to ordinary medications. The treating physician assessed the Claimant as capable of performing a full time job working eight hours a day on a consistent and sustained basis but opined that she should avoid dust, smoke, fume and gases. Her treating physician found her able to travel alone by bus and subway.

As might be imagined, the consultative medical examinations of the Plaintiff requested by the Secretary confirmed these findings.

The Court is unable to say that the Commissioner's decision that Plaintiff was not disabled was not supported by substantial evidence. In cases such as this, great deference should be shown to the opinion of the treating physician where it differs from that of the Secretary's forensic consultants. This is not such a case. In light of all the circumstances disclosed in the record, the Court concludes that Plaintiff could perform sedentary work and that the decision appealed from is reasonable and must be affirmed by this Court under the substantial evidence rule. See 42 U.S.C. § 405(g).

The Defendants motion is granted. The Clerk shall file a final judgment.

SO ORDERED.

Dated: White Plains, New York
April 18, 2005

Charles L. Brieant, U.S.D.J.